D. T. Hackett, Cincinnati; Sol Goodman, Cincinnati, for appellants.

Ireton & Schoenle, Cincinnati; Clifford Cordes, Cincinnati, and Clarence M. Smith, Cincinnati, for appellee.

## KAIN et v CORDES

Ohio Appeals, 2nd Dist., Hamilton Co.

No. 6087. Decided Feb. 16, 1942

### OPINION

**BY THE COURT:**

This is an appeal from a judgment rendered as a result of a third trial. The evidence was submitted to juries at the first two trials and verdicts were returned in favor of the plaintiff. The court set the first verdict aside, on the ground that it was manifestly against the weight of the evidence, and the second, because it was returned as a result of bias and prejudice.

The third trial was begun on the theory that the issues of fact were determinable by a jury. However, the right to trial by jury had been challenged by the defendant on the ground that the cause of action was not merely one for the recovery of money only, but was one seeking equitable relief against a trustee, and this challenge was renewed by motion to discharge the jury at the close of the plaintiff's evidence. The motion was overruled, with leave to renew it, which was done at the conclusion of the plaintiff's evidence, when it was granted and the jury discharged over the objection and exception of the plaintiff. The case

then proceeded before the court as the trier of the facts and a finding in favor of the defendant was reached. In conformity to the plaintiff's request, a separate finding of facts and conclusions of law was made. Later, judgment for the defendant was entered in conformity to the findings. The case is here on appeal from that judgment.

The ground urged for reversal of this judgment is, that the plaintiff was denied the right to trial by jury.

Now the plaintiff was not entitled to a trial by jury unless there were issues of fact of the kind which are required, upon demand, to be submitted to a jury under the Constitution and satutes of this State. Regardless of the character of the action, if there were no such issues there was no denial of right to trial by jury, because there was no such right.

There is no bill of exceptions in the record. We, therefore, do not know what evidence was before the court. If there was no substantial evidence on any element of the plaintiff's case, there was nothing to submit to the jury. We know from the finding of facts that the trial court was of the opinion that the plaintiff had introduced sufficient evidence to cause it to overrule the defendant's motion for an instructed verdict at the close of the plaintiff's evidence—but this is not conclusive on this court. If the evidence were before this court it might be found that there was no substantial evidence and that the court should have sustained the motion which would have been the equivalent of finding that as there was no issue of fact there was no right to trial by jury. Furthermore, the trial court could have reconsidered his ruling on the motion for an instructed verdict and reached the conclusion that there was no substantial evidence in plaintiff's favor. A reading of the finding of facts certainly leads this court to the conclusion that the trial court must have had very grave doubts to say the least.

The state of the record requires us to indulge in mere speculation as to whether the situation was such as to entitle the plaintiff to have any issue of fact submitted to the jury.

This court cannot reverse a judgment unless prejudicial error affirmatively appears in the record. If there was error at this trial, we cannot say it was prejudicial.

The judgment is affirmed.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.